## Bethel Baptist Church of Lincoln Heights et al. v. Ringler et al.

*Jenkins & Ligi*, for plaintiffs.

*Sidney Z. Levy* and *Robert G. Coglizer*, for defendants.

HOBAN, P. J., April 2, 1952.—The caption of the bill indicates that it was filed by Bethel Baptist Church, a corporation, and by 32 individual plaintiffs described as regular members of corporate plaintiff. Defendants are 20 named individuals described as persons in possession of the church building and the church property of the Bethel Baptist Church of Lincoln Heights, Scranton, Pa., and are assuming to act as and for the corporation.

The bill is acknowledged by 20 of the named individual plaintiffs. There is no acknowledgment by or for the corporation.

Five of the defendants who claim to be the pastor, moderator, financial secretary, treasurer, clerk and trustees of the church, have joined in a petition asking the court to require a warrant of attorney to be

filed by counsel for plaintiffs. The petition states that the bill of complaint was not authorized by petitioners and that no one else would have authority to represent the church in its corporate capacity. The answer admits that petitioners are in possession of the real, personal and mixed property of the church, that petitioners did not authorize the signing of the bill of complaint, but denies that petitioners or other defendants named in the bill are regular members of the church, and reiterates the assertion in the bill that petitioners and other defendants have no standing in the church or the other Baptist associations representing commonly accepted Baptist beliefs and ecclesiastical policies.

Thus the answer to the petition seeks to raise the same complaint as presented in the bill, to wit, that defendants have seceded from the recognized body of Baptist faith and of organized Baptist denominational association, and have taken the church property with them, contrary to the law of Pennsylvania. Obviously, on motion and rule to file a warrant of attorney we cannot try the merits of the controversy.

It seems to be clear that such corporate structure as exists, together with its property, is in the hands of defendants. Whether rightfully or not will be determined when an issue is framed and a trial is had under proper pleadings.

In the meantime a group of plaintiffs cannot by mere assertion assume or exercise corporate authority, including the right to sue in the corporate name. There is a legal way for these plaintiffs to secure and maintain their legal interest in the church property and in the management of the church corporation, if in fact they are entitled thereto, but it cannot be by the bare assumption of a corporate authority apparently held by others.

Now, April 2, 1952, rule is made absolute and the attorneys for plaintiffs in the above-captioned action are directed to file their warrant of attorney in the office of the prothonotary within 15 days, proceedings to stay meanwhile.